

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-19-2004

# USA v. Smith

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2866

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Smith" (2004). *2004 Decisions.* Paper 688.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/688

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 03-2866
_____

UNITED STATES OF AMERICA

v.

CHRISTOPHER RASHEED SMITH,

Appellant

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 02-cr-00502)
District Court Judge: J. Curtis Joyner

_____

Argued April 16, 2004
Before: RENDELL, STAPLETON, and LAY*, <u>Circuit</u> <u>Judges</u>

(Filed: May 19, 2004)

_____

\* Hon. Donald P. Lay, Senior Judge of the United States Court of Appeals for the
Eighth Circuit, sitting by designation.

Brett G. Sweitzer [ARGUED]
Robert Epstein
Defender Association of Philadelphia
Federal Court Division
Suite 540 West
Curtis Center
Independence Square West
Philadelphia, PA 19106

*Counsel for Appellant*
*Christopher Rasheed Smith*


Richard A. Lloret [ARGUED]
Office of United States Attorney
Room 1250
615 Chestnut Street
Philadelphia, PA 19106

*Counsel for Appellee*
*United States of America*

---

OPINION OF THE COURT

---

RENDELL, <u>Circuit Judge</u>

Christopher Rasheed Smith was convicted by a jury of being a felon in possession of a firearm and was sentenced by the District Court to 236 months' imprisonment. Smith levels several challenges to the conduct of the trial. First, Smith attacks the District Court's refusal to admit evidence of a phone conversation based upon application of the hearsay rule. Second, Smith contends that there was insufficient evidence to support the

giving of a "joint possession" instruction proffered by the government. Third, Smith contends that the government attorney committed prosecutorial misconduct, based upon comments made to the jury in his rebuttal at the time of closing argument.[1]

We have jurisdiction over this appeal based upon 28 U.S.C. § 1291, because it is an appeal from a final decision of the District Court. We will affirm.

## I.

At 2:30 in the morning on August 31, 2001, the Philadelphia Police responded to a report that a man was carrying a gun in Sam's Clam Bar on Spring Garden Street in Philadelphia. The officers responded, and one officer testified that he saw a man fitting the description provided in the dispatch walking out of Sam's. Officer Butler testified that the man, Smith, lifted up his sweatshirt, revealing the handle of a black pistol in his waistband, and then walked toward a car parked on Spring Garden Street and got into the passenger side of the car. The officers then saw Smith "rear back, reach forward toward his waistband, and then lean forward toward the floor in front of the passenger seat." (Apx. 169A) Smith then got out of the car as other police vehicles arrived, and Butler testified he saw the handle of the gun in plain view sticking out from underneath the passenger seat of the car. Smith was then taken into custody. Smith was arrested, and

---

[1] We need not discuss Smith's contention that the felon-in-possession statute, 18 U.S.C. § 922(g)(1), is an invalid exercise of the Commerce Clause, because this Court has already ruled that this statutory provision does pass constitutional muster, United States v. Singletary, 268 F.3d 196 (3d Cir. 2001), and that ruling can only be overturned by the court sitting en banc or by the Supreme Court.

was subsequently tried in the Court of Common Pleas of Philadelphia County, but the gun was suppressed based upon the Common Pleas Court Judge's determination that the police officers were not credible. The federal prosecution then ensued.

The defense theory in his federal trial essentially consisted of two arguments: (1) the police officers should not be believed; and (2) the gun belonged, not to Smith, but, rather, to the owner of the car, Troy Ealey, who was a longtime friend of Smith's. The defense sought to focus on the former argument in order to prove the latter. Ealey was deceased at the time of trial.

## II.

Troy Ealey and Christopher Smith were longtime friends, and considered each other "cousins," as their mothers were very close as well. The defense attempted to offer testimony of Roslyn Jones, Smith's mother, that she had known Troy Ealey for years, and that, on the night Smith was arrested, in the middle of the night, Ealey called Jones and his own mother and admitted to them that the gun that the police had taken from the car was Ealey's gun.

At the outset of the trial, in the opening statement to the jury, defense counsel indicated that this testimony would be offered. The prosecuting attorney immediately objected, but after a sidebar conference the District Court ruled that defense counsel could refer to this testimony because it might be admissible as an exception to the hearsay rule as an admission of Ealey against his own interest. Fed. R. Evid. 804(b)(3). Later,

4

during the trial, the government again challenged the admissibility of the proffered statement. The District Court heard extensive testimony from Jones and proffers from defense counsel regarding the trustworthiness of the statement. Jones testified as to what Ealey had said:

> Jones: He [Troy Ealey] said, no, it wasn't Rasheed [Smith]'s gun, it was my gun, but they ain't catching on me. I wasn't in the car and neither was Rasheed. I don't know why they had him up against the car like that. (App 373a, lines3-7)

Jones also testified that she had tried to locate Ealey after speaking with him, but could not. She testified as well to the close relationship between Smith and Ealey. She also admitted she had not informed the police about the telephone call or of Ealey's admission.

Defense counsel argued that the statement should be held to be an exception to the hearsay rule since it was an admission against interest that was trustworthy. Defense counsel argued that it was trustworthy because of the close relationship between Ealey and Smith's mother, Ms. Jones. In addition, the statement was made soon after the arrest, and the gun was actually found to be in Ealey's car.

After considering these arguments, the District Court ruled that Jones's testimony as to her conversation with Ealey was inadmissible because there was a lack of corroborating circumstances to support it as trustworthy. See Fed. R. Evid. 804(b)(3) (providing that a "statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances

5

clearly indicate the trustworthiness of the statement").

We review rulings of the District Court regarding admissibility of evidence for abuse of discretion. United States v. Serafini, 233 F.3d 758, 768 n.14 (3d Cir. 2000). While this may have been a close call, the District Court's evidentiary ruling did not constitute abuse. The close relationship of Jones and Ealey did not "clearly indicate" that Ealey's statement was trustworthy. Indeed, that relationship, the close relationship between Ealey and Smith, and Jones's failure to report the statement to the police or otherwise act on it could be viewed as suggesting lack of trustworthiness. Moreover, Ealey's prior denial of ownership of the gun casts further doubt on the reliability of his alleged admission. Although the District Court seemed to focus more on the credibility of Jones, rather than that of the out-of-court declarant, Ealey, we nonetheless believe that the ultimate ruling excluding the statement was not an abuse of discretion.

Further, we are confident that the exclusion of Ealey's assertion of ownership to Jones did not affect the jury's verdict. It is evident from that verdict that the jury credited the officer's testimony that he saw Smith in possession of the gun. Given that Ealey's assertion was entirely consistent with that testimony, there is no reason for concern that admission of that assertion would have altered the jury's conclusion.

Accordingly, we find no error in the District Court's exclusion of this evidence.[2]

---

[2] Smith also argued that the fact that he had, over the government's objection, been allowed to refer to the conversation between Ealey and Jones in his opening remarks made the later exclusion of the evidence harmful. However, we note that defense

# III.

The government offered a jury instruction, to which defense counsel objected, regarding the ability to convict Smith even if the jury were to find that Ealey was the owner of the gun. We review a trial's courts jury instructions for abuse of discretion, considering whether, in light of the evidence, the charge as a whole fairly and adequately submitted the issues in the case to the jury. United States v. Zehrbach, 47 F.3d 1252, 1264 (3d Cir. 1995) (en banc). "We must reverse if 'the instruction was capable of confusing and thereby misleading the jury.'" Id. (quoting Bennis v. Gable, 823 F.2d 723, 727 (3d Cir. 1987)).

The instruction given was as follows:

> THE COURT: If you find that the defendant either had active possession of the gun described in the indictment, or that he had the power and intention to exercise control over the gun described in the indictment, even though it was not in his physical possession, you may find that the government has proven possession.
>
> Proof of ownership of the gun is not required. Possession may be sole or joint. In other words, the possession may be knowingly exercised by one person exclusively, or the possession may be knowingly exercised jointly when it is shared by two or more persons.

Defense counsel argues that there was insufficient evidence to support the giving

---

counsel had described the hearsay statement to the jury without any assurance that the evidence would in fact be admissible, and the government's objection came *after* defense counsel had indicated to the jury the substance of the conversation itself. We do not think this aspect of the case implicates the District Court in any error or abuse.

of this instruction. We disagree. Admittedly, defense counsel's primary argument was that Ealey was the owner of the gun, and that the jury should disbelieve the police with respect to Smith's possession of it. However, the two views are not necessarily inconsistent or irreconcilable. The joint possession instruction took into account the situation where the jury could believe that in fact Ealey was the owner of the gun, as defense counsel argued, but could also believe that Smith had some involvement in possessing it. Accordingly, we find no error in the giving of the instruction.

IV.

Smith points to several instances in which the prosecuting attorney engaged in what he characterizes as prosecutorial misconduct.[3] There was no objection to any of the aspects of misconduct that Smith now urges constitute grounds for a new trial, so we review them for plain error. United States v. Boone, 279 F.3d 163, 174 n.6 (3d Cir. 2002).

We do not find these comments to amount to such an "egregious error or a manifest miscarriage of justice," United States v. Brennan, 326 F.3d 176, 182 (3d Cir. 2003), as to warrant a new trial based on plain error. Smith had the burden to prove that

---

[3] These include the prosecutor's accusations that defense counsel inappropriately harassed and intimidated the police officers who testified; the assertion that defense counsel was trying to deceive the jury; the comment that Smith was "walking away," perhaps referring to Smith's decision not to testify; and, lastly, the remarks in the government's summation, which, defense counsel argues, sought to have the jury replace the concept of reasonable doubt with "truth and justice."

these comments affected his substantial rights, and Smith had to demonstrate that he was "actually innocent" or that any error "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." United States v. Olano, 507 U.S. 725, 736 (1993). We have considered each of the statements Smith alleges were problematic and conclude that, even if arguably improper, the statements were not "egregious" and did not undermine the fundamental fairness of Smith's trial.

V.

Accordingly, the District Court's Judgment and Commitment Order will be AFFIRMED.